IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DAVID M. HERNANDEZ, MATTHEW GONZALEZ, § § § | |
| *Plaintiffs,* § § | SA-25-CV-00996-FB |
| vs. § § | |
| AMERIHOME MORTGAGE COMPANY, LLC, SERVICEMAC, LLC, AUCTION.COM, CLAY GOLDEN, ALAN KING, § § § § § § | |
| *Defendants.* § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Plaintiffs' Motion to Remand Back to 285th Judicial District Court, Bexar County, Texas [#7]. All pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C [#4]. The undersigned therefore has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Plaintiff's motion be denied.

**I.  Background**

Plaintiffs David M. Hernandez and Matthew Gonzalez, proceeding *pro se*, filed this case in state court on July 11, 2025, against Defendant AmeriHome Mortgage Company, LLC, as well as three additional Defendants: ServiceMac, LLC, Auction.com, and Michael King. (Case Summary [#1-2], at 3.) Plaintiffs thereafter filed an Amended Petition, requesting a temporary

1

restraining order and declaratory and injunctive relief based on allegations of wrongful foreclosure of property located at 1518 Waverly Ave., San Antonio, Texas 78228. (Am. Pet. [#1-2], at 5–13.) The Amended Petition again named AmeriHome, ServiceMac, and Auction.com as Defendants, as well as substituted Alan King for Michael King and added the Substitute Trustee, Clay Golden, as an additional Defendant. (*See id.*) AmeriHome removed the case to this Court on August 13, 2025, pleading removal jurisdiction based on diversity jurisdiction. (Notice of Removal [#1], at ¶ 9.)

The Notice of Removal asserts that AmeriHome is a Delaware limited liability company with a sole member, which is itself a Delaware limited liability company. (*Id.* at ¶ 11.) AmeriHome further asserts that the citizenship of Auction.com, the Substitute Trustee, and Mr. King may be disregarded because they were improperly joined in this lawsuit. (*Id.* at ¶ 12.) Plaintiffs have moved to remand, arguing (1) complete diversity of citizenship does not exist; (2) the forum-defendant rule bars removal; (3) AmeriHome had notice of removal and waived removal through settlement participation; (4) AmeriHome lacked standing to foreclose because Freddie Mac owns the loan and servicing transferred to ServiceMac before foreclosure; and (5) Plaintiffs assert viable claims against Mr. King, a Texas Defendant whose presence destroys diversity. AmeriHome has filed a response in opposition to the motion [#15], to which Plaintiffs filed a reply [#16]. The motion is ripe for the Court's review.

## II.  Legal Standard

On a motion to remand, the removing party bears the burden of establishing that jurisdiction exists and that the removal was not procedurally defective. *BEPCO, L.P. v. Santa Fe Minerals, Inc.*, 675 F.3d 466, 470 (5th Cir. 2012); *Shearer v. Sw. Serv. Life Ins.*, 516 F.3d 276, 278 (5th Cir. 2008). Here, removal is based on diversity jurisdiction. Diversity jurisdiction

exists where the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the parties. 28 U.S.C. § 1332(a); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008). Generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). Complete diversity "requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (internal quotation and citation omitted). However, the presence of a non-diverse defendant in a suit will not prevent removal if it can be shown that the defendant was "improperly or collusively joined" to destroy federal diversity jurisdiction. *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004).

AmeriHome asserts improper joinder of all in-state Defendants. A defendant is improperly joined if the removing defendant establishes that "(1) the plaintiff *has* stated a claim against a diverse defendant that he fraudulently alleges is nondiverse, or (2) the plaintiff *has not* stated a claim against a defendant that he properly alleges is nondiverse." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016) (emphasis in original). The Fifth Circuit has recognized two avenues to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003).

To prove that a plaintiff has not stated a claim against a defendant, the removing defendant must demonstrate that "there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."

3

*Smallwood*, 385 F.3d at 573. In resolving this issue, the court in most instances will conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. *Id.* Ordinarily, "if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id.* (internal quotation and citation omitted). In undertaking the improper-joinder analysis, federal courts must apply federal, not state, pleading standards. *Int'l Energy Ventures Mgmt.*, 818 F.3d at 208.

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although a complaint "does not need detailed factual allegations," the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations pleaded must show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. A court must accept "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Const. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004). However, a Court need not credit conclusory allegations or allegations that merely restate the legal elements of a claim. *Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678).

In this case, Plaintiffs filed an Amended Complaint after removal. (Am. Compl. [#12].) However, in evaluating removal jurisdiction, the Court may only consider the allegations set forth in the live pleading from state court at the time of removal. *St. Paul Mercury Indem. Co. v.*

*Red Cab Co.*, 303 U.S. 283, 291–92 (1938). Because removal jurisdiction implicates federalism concerns, "[a]ny doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Afr. Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014) (internal quotation marks omitted).

### III. Analysis

The Court should deny Plaintiffs' motion to remand. When only the citizenship of the properly joined defendants at the time of removal is considered, complete diversity exists, and the amount in controversy is satisfied. Thus, there is subject matter jurisdiction over this removed case based on diversity jurisdiction. Also, the removal was not procedurally defective; Defendant AmeriHome did not waive its right to remove; and Plaintiffs' merits-based arguments are not relevant to the Plaintiffs' motion to remand.

A.     **AmeriHome has satisfied its burden to establish diversity jurisdiction over this case.**

Plaintiffs argue that this Court lacks jurisdiction over this case because there is not complete diversity of citizenship among the parties. Plaintiffs assert that Royal Real Estate, LLC, is a defendant and a Texas citizen destroying diversity of citizenship. This argument is without merit. Plaintiffs only added Royal Real Estate as a defendant after removal when, without seeking leave of Court,[1] they filed their Amended Complaint in this Court. (Am. Compl.

---

[1] If after removal, a plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder or permit joinder and remand the action to state court. 28 U.S.C. § 1447(e). If an amendment as a matter of course made under Rule 15(a) would defeat diversity jurisdiction, as here, leave of court must be sought for the amendment. *See Dillard v. Albertson's, Inc.*, 226 F.3d 642, 2000 WL 1029031, at *1 (5th Cir. July 7, 2000) (noting that the district court "correctly required a motion" for leave to amend and explaining that § 1447(e) "specifically confers on the district court the responsibility to scrutinize attempted joinder of non-diverse parties in cases previously removed to federal court"). Plaintiffs did not seek leave of Court before filing an amended pleading post-removal adding a new, non-diverse defendant. Separately, the undersigned will issue a show cause order that

[#12], at ¶ 5.) However, Royal Real Estate was not a named party in Plaintiffs' Amended Petition, the live pleading in state court at the time of removal, which is the pleading evaluated in assessing the Court's removal jurisdiction. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). As Royal Real Estate was not named in the Amended Petition, the citizenship of Royal Real Estate does not bear on the Court's jurisdictional inquiry.

However, Alan King, the Director of Royal Real Estate, also a Texas citizen, **is** a named Defendant in the Amended Petition, but in his individual capacity. The record reflects that King, not Royal Real Estate, was served with process on August 12, 2025. (*See* Ex. D [#15-4], at 2.) Plaintiffs argue in their motion to remand that King is a properly named Defendant against whom Plaintiffs have viable causes of action. AmeriHome maintains that King was improperly joined and that his Texas citizenship should be disregarded for diversity purposes. AmeriHome is correct that Plaintiffs' Amended Petition fails to state a claim against King in his individual capacity and, therefore, that King was improperly joined.

King is only mentioned twice in the Amended Petition—as the individual who purchased the Property at the July 1, 2025 foreclosure sale. (Am. Pet. [#1-2], at ¶¶ 8, 30.) (Elsewhere in the Petition, Plaintiffs allege that Michael King was the purchaser of the property. (*Id.* at ¶ 15.)) Yet, there is no actionable conduct described in the Amended Petition attributable to King. Plaintiffs assert a cause of action of wrongful foreclosure, and a claim of wrongful foreclosure lies only against the mortgagee or foreclosing entity (not the purchaser). *See Jackson v. PHH Mortg.*, No. 4:22-CV-3465, 2023 WL 2541993, at *2 (S.D. Tex. Feb. 22, 2023), *report and recommendation adopted*, No. 4:22-CV-3465, 2023 WL 2542616 (S.D. Tex. Mar. 16, 2023) (collecting cases). Plaintiffs seek to void the conveyance to King based on a theory that the

---

requires Plaintiffs to address why their claims against Royal Real Estate in Plaintiffs' Amended Complaint should not be stricken.

foreclosure sale was invalid, relief that would affect King, but the Amended Petition does not include any allegations of wrongdoing by King.  Because the Amended Petition fails to state a claim against King, King was improperly joined in this lawsuit and his citizenship must be disregarded in evaluating removal jurisdiction based on diversity.  *See Smallwood*, 385 F.3d at 573.

Plaintiffs repeatedly assert in their motion and reply that Royal Real Estate, LLC, was the purchaser of the property at the foreclosure sale, not King.  Again, this allegation is not included in the Amended Petition, and this Court may not look beyond the relevant pleading in evaluating improper joinder unless faced with specific allegations of fraud in the jurisdictional facts, which is not asserted here.  *See Williams v. Homeland Ins. Co. of New York*, 18 F.4th 806, 812 (5th Cir. 2021) (permitting courts in limited circumstances to pierce the pleadings and conduct a limited summary inquiry into jurisdictional facts for purposes of evaluating improper joinder).  Moreover, even if Plaintiffs mistakenly included King as a defendant in the Amended Petition and Royal Real Estate was always the purchaser and real party in interest, as argued by Plaintiffs, it remains true that the live pleading at the time of removal—the Amended Petition—fails to contain any factual allegations regarding wrongdoing by King or Royal Real Estate that might give rise to a plausible cause of action against these parties.  Plaintiffs' amendments to their pleadings after removal to include additional facts and parties do not alter the Court's analysis of the pleadings at the time of removal.

Plaintiffs do not argue in their motion to remand that any other in-state Defendant was properly joined[2] to destroy diversity jurisdiction.  Neither do they contest AmeriHome's

---

[2] AmeriHome's Notice of Removal asserts that Defendants Substitute Trustee and Auction.com were improperly joined.  Plaintiffs do not contest that these defendants were improperly joined in their motion to remand.

7

assertion that the amount in controversy satisfies the minimum threshold for removal jurisdiction based on diversity. Nor could they, as the Notice of Removal alleges that the property is valued at $99,690, based on the Bexar County Appraisal District valuation of the property, of which this Court may take judicial notice. (*See* Notice of Removal [#1], at ¶ 24.) In sum, diversity jurisdiction exists because complete diversity exists,[3] and the amount-in-controversy requirement is also satisfied.

B.  **The forum-defendant rule does not bar removal.**

Plaintiffs also seek remand based on the forum-defendant rule. *See* 28 U.S.C. § 1441(b)(2). This rule provides that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title [i.e., diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id.* In other words, a defendant cannot remove to federal court on diversity grounds if the defendant or a co-defendant is (1) a forum defendant—a citizen of the state in which the plaintiff originally filed the case—that (2) has been properly joined and served. Violating the forum-defendant rule renders removal procedurally defective. *See In re 1994 Exxon Chem. Fire*, 558 F.3d at 392–94.

---

[3] The undersigned notes that AmeriHome's Notice of Removal does not address the citizenship of Defendant ServiceMac. The Amended Petition (filed in state court prior to removal) does not plead ServiceMac's citizenship either. It merely states that ServiceMac may be served through its registered agent in Houston, Texas. (Am. Pet. [#1-2], at ¶ 5.) The Amended Complaint (filed after removal) pleads that ServiceMac is a limited liability company organized under the laws of Delaware with its principal place of business in South Carolina, *i.e.*, that it is a diverse Defendant. (Am. Compl. [#12], at ¶ 4.) Thus, although AmeriHome's notice contains a defect, the defect does not require remand because it is procedural and not jurisdictional in nature. *See In re Allstate Ins. Co.*, 8 F.3d 219, 221 (5th Cir. 1993) (holding that the failure to allege a party's citizenship in a notice of removal constitutes a procedural defect that can be cured by amendment).

The forum-defendant rule does not render AmeriHome's removal of this case procedurally defective. Plaintiffs argue that Royal Real Estate, a Texas entity, was served via certified mail on August 12, 2025, and that removal after this date violated the forum-defendant rule. This assertion is factually inaccurate. As noted, Royal Real Estate was not a party to this case prior to removal—Alan King (Royal Real Estate's director) was. King was served on August 12, 2025, by certified mail, in his personal capacity. (Service Citation [#15-4], at 2–3.) As detailed above, although an in-state Defendant, King was not properly joined in this suit. Thus, his citizenship is not implicated by the forum-defendant rule.

Plaintiffs relatedly argue that removal was procedurally defective because it constituted a prohibited "snap removal." *See Tex. Brine Co., LLC v. Am. Arbitration Ass'n, Inc.*, 955 F.3d 482, 486–87 (5th Cir. 2020). A "snap removal" is a strategic removal by a non-forum defendant before a forum-defendant has been served. *Id.* This argument is inapposite. The Fifth Circuit in *Texas Brine* expressly held that "snap removals" are procedurally valid, not prohibited. *Id.* at 487. And here, there was not a properly joined in-state defendant who had not been served at the time of removal, so there was no "snap removal" that might have run afoul of the forum-defendant rule.

C.     **AmeriHome's removal was timely.**

Plaintiffs also argue the removal was procedurally defective because AmeriHome had notice of their suit no later than July 11 through 15, 2025, when Plaintiffs provided copies of their state-court petition to foreclosure counsel and AmeriHome's CEO's office. Yet, the "removal period commences on formal service of process, not merely on receipt of actual notice of the complaint through informal channels." *City of Clarksdale v. BellSouth Telecomms., Inc.*, 428 F.3d 206, 210 (5th Cir. 2005). Plaintiffs concede that AmeriHome was served with process

9

on August 11, 2025, two days prior to removal. (Mtn. to Remand [#7], at ¶ 12.) The 30-day removal period began on that day, meaning AmeriHome had until September 10, 2025, to pursue removal to federal court. 28 U.S.C. § 1446(b)(1). AmeriHome's removal on August 13, 2025, was therefore timely.

**D.     AmeriHome did not waive removal by engaging in settlement negotiations.**

Plaintiffs allege that AmeriHome waived its right to removal by participating in settlement negotiations while this case was pending in state court, citing the Fifth Circuit's decision in *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986). According to Plaintiffs, they filed a Notice of Settlement in state court, and AmeriHome removed the case the following day to federal court. This argument is also meritless.

Under some circumstances, a party may be deemed to have waived its right to removal by litigating a case in state court, but this is not a blanket rule. *See Demco, Inc.*, 792 F.2d at 481 (finding waiver of right to removal where new defendant attempted removal when added to suit five years after suit had been pending and co-defendants had chosen to litigate for years in state court). The federal removal statute was amended after the Fifth Circuit issued *Demco* to provide that even a later-added defendant has a right to removal within 30 days of service. 28 U.S.C. § 1446(b)(2). Moreover, as already noted, AmeriHome removed this case to federal court two days after service, prior to filing an answer, prior to proceeding with discovery, prior to engaging in any substantive litigation in state court whatsoever. AmeriHome's engagement in settlement discussions outside of litigation prior to removal (during the two days after service while this suit was pending in state court) cannot possibly be construed as waiver of the right to removal. Plaintiffs do not cite any case that suggests otherwise.

**E.     Plaintiffs' merits-based arguments do not bear on the propriety of removal.**

Finally, Plaintiffs raise several merits-based arguments in their motion to remand that do not bear on whether removal was proper. Plaintiffs argue that AmeriHome was only a temporary mortgage servicer without any authority to act and that its claims ultimately lie against Royal Real Estate. Again, that Plaintiffs amended their pleadings after removal to add Royal Real Estate as a party and to add additional factual allegations regarding this party does not alter the Court's analysis as to the validity of removal procedurally or jurisdictionally.

In summary, AmeriHome properly removed this case to federal court under 28 U.S.C. §§ 1441 and 1446, and this Court has diversity jurisdiction over this case under 28 U.S.C. § 1332(a) based on the Amended Petition on file at the time of removal. The Court should therefore deny Plaintiffs' motion to remand.

**F.     The District Court should dismiss Plaintiffs' claims against King, the Substitute Trustee, and Auction.com without prejudice.**

Additionally, the District Court should dismiss Plaintiffs' claims against King, the Substitute Trustee, and Auction.com without prejudice. AmeriHome has established that King was improperly joined because the Amended Petition fails to state a claim against this Defendant. The appropriate action when a defendant has been improperly joined is to dismiss all claims against that defendant without prejudice. *Int'l Energy Ventures*, 818 F.3d at 210. King should therefore be dismissed without prejudice.

Plaintiffs have not argued in their motion to remand that Auction.com or the Substitute Trustee were properly joined. Nor have they otherwise contested AmeriHome's assertion in its Notice of Removal of that these two in-state Defendants are improperly joined. Moreover, the Amended Complaint that Plaintiffs filed after removal does not plead any claims against the Substitute Trustee or Auction.com, further indicating that Plaintiffs do not contest these

11

defendants were improperly joined and do not intend to pursue claims against these parties. These Defendants should also be dismissed without prejudice.

## IV. Conclusion and Recommendation

Having considered Plaintiffs' motion, the response and reply thereto, the live pleading at the time of removal, and the governing law, the undersigned **recommends** that Plaintiffs' Motion to Remand Back to 285th Judicial District Court, Bexar County, Texas [#7] be **DENIED**. The undersigned further **recommends** that the following Defendants be **DISMISSED WITHOUT PREJUDICE**: Defendants Auction.com, Clay Golden (Substitute Trustee), and Alan King.

## V. Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the Clerk of Court and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file

timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

SIGNED this 9th day of October, 2025.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE