IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DAVID M. HERNANDEZ, MATTHEW GONZALEZ, | § § § | |
| *Plaintiffs,* | § § | SA-25-CV-00996-FB |
| | § § | |
| vs. | § § | |
| | § § | |
| AMERIHOME MORTGAGE COMPANY, LLC,  SERVICEMAC, LLC, | § § § | |
| *Defendants.* | § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Defendants' Motion to Dismiss Second Amended Complaint [#17] and Plaintiffs' Motion for Leave to File an Amended Complaint [#26].  All pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C.  The undersigned therefore has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  For the reasons set forth below, it is recommended that Defendants' motion to dismiss [#17] be granted and Plaintiffs' motion for leave to amend [#26] be denied.

**I.  Background**

This is an action for wrongful foreclosure.  Plaintiffs David M. Hernandez and Matthew Gonzalez, proceeding *pro se*, filed this case in state court on July 11, 2025, against Defendant AmeriHome Mortgage Company, LLC, as well as three additional Defendants: ServiceMac, LLC, Auction.com, and Michael King.  (Case Summary [#1-2], at 3.)  Plaintiffs thereafter filed

1

an Amended Petition, requesting a temporary restraining order and declaratory and injunctive relief based on allegations of wrongful foreclosure of property located at 1518 Waverly Ave., San Antonio, Texas 78228.  (Am. Pet. [#1-2], at 5–13.)  The Amended Petition again named AmeriHome, ServiceMac, and Auction.com as Defendants, as well as substituted Alan King for Michael King and added the Substitute Trustee, Clay Golden, as an additional Defendant.  (*See id.*)  AmeriHome removed the case to this Court on August 13, 2025, pleading removal jurisdiction based on diversity.  (Notice of Removal [#1], at ¶ 9.)

Following removal, Plaintiffs moved to remand and filed their Second Amended Complaint,[1] which is the current live pleading.  The Second Amended Complaint dropped Auction.com, Alan King, and the Substitute Trustee from this suit but added a new (and non-diverse) party—Royal Real Estate, LLC—to the pleadings.  (Am. Compl. [#12], at ¶¶ 2–5.)  The Second Amended Complaint again names AmeriHome and ServiceMac as parties.  (*Id.*)  Defendants AmeriHome and ServiceMac then filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing Plaintiffs' Second Amended Complaint fails to state a claim upon which relief can be granted.[2]

Several orders have been entered in this case.  The District Court denied Plaintiffs' request for a temporary restraining order ("TRO") and preliminary injunction soon after removal.

---

[1] The undersigned notes that Plaintiffs' live pleading is titled "Third Amended Complaint," though it appears to be Plaintiffs' second amendment to their pleadings and first amendment in federal court.  The undersigned will refer to it as "Second Amended Complaint" herein.

[2] Plaintiffs argue in their responses that Defendants' motion to dismiss must be denied because it targets an inoperative pleading that has been superseded by a subsequent complaint filed on August 29, 2025.  The Second Amended Complaint, which was filed on that date, is the pleading addressed in this Report and Recommendation, and the motion to dismiss properly addresses the operative complaint.  This is not a basis for dismissing Defendants' motion to dismiss.

(Order [#14].)  Plaintiffs again moved for a TRO and preliminary injunction, and the District Court again denied the motion for a TRO but held the request for a preliminary injunction in abeyance pending resolution of Plaintiffs' motion to remand and Defendants' motion to dismiss. (Order [#29].)  The undersigned thereafter issued a report and recommendation, recommending the District Court deny Plaintiffs' motion to remand, and the District Court adopted the report and recommendation.  (Order [#41].)  In the report and recommendation, the undersigned found that there were no procedural defects with removal and complete diversity of citizenship existed among the parties named in the live pleading in state court at the time of removal.  The undersigned noted that a motion for leave to amend is required to join additional non-diverse parties, like Royal Real estate, whose joinder would destroy subject matter jurisdiction.  *See* 28 U.S.C. § 1447(e); *Dillard v. Albertson's, Inc.*, 226 F.3d 642, 2000 WL 1029031, at *1 (5th Cir. July 7, 2000).  Because Plaintiffs filed their Second Amended Complaint after the case had already been removed and in that pleading added claims against Royal Real Estate without leave of Court, the undersigned disregarded the citizenship of Royal Real Estate in evaluating diversity jurisdiction.  Royal Real Estate has never been served and is not currently a party to this action. Therefore, the only remaining defendants are AmeriHome and ServiceMac.

The undersigned now turns to the motion to dismiss the Second Amended Complaint filed by the only two remaining Defendants.  Plaintiffs have filed four responses to Defendants' motion to dismiss [#18, #19, #20, #21], and Defendants filed a reply in support of their motion [#22].  Plaintiffs have also filed a Motion for Leave to File a Third Amended Complaint [#26].

## II.  Legal Standards

To survive a motion to dismiss filed pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Although a complaint "does not need detailed factual allegations," the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations pleaded must show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Const. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (internal quotation omitted). However, a Court need not credit conclusory allegations or allegations that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678). In short, a claim should not be dismissed unless the court determines that it is beyond doubt that the plaintiff cannot prove a plausible set of facts that support the claim and would justify relief. *See Twombly*, 550 U.S. at 570.

When considering a motion to dismiss, a court's review "is limited to the complaint . . . and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Allen v. Vertafore, Inc.*, 28 F.4th 613, 616 (5th Cir. 2022 ); *see also Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000). Additionally, the Court may consider matters of public record when reviewing a motion to dismiss. *See Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 286 (5th Cir. 2006). Defendants attach to their motion to dismiss the Deed of Trust and the Corporate Assignment of Deed of Trust, both of which are

4

recorded in the Official Public Records of Bexar County, Texas.   (Deed of Trust [#17-1], Assignment [#17-2].)   The Court may take judicial notice of these documents, *see Smith v. MTGLQ Invs., L.P.*, 851 F. App'x 514 (5th Cir. 2021), and the undersigned has incorporated the contents of these documents into the pleadings for purposes of issuing this recommendation on Defendants' motion to dismiss.

Finally, because Plaintiffs are *pro se* litigants, their pleadings are to be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers.   *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).   Nonetheless, *pro se* litigants, like all other parties, must follow the Federal Rules of Civil Procedure.   *See Chhim*, 836 F.3d at 469 ("We hold pro se plaintiffs to a more lenient standard than lawyers when analyzing complaints, but pro se plaintiffs must still plead factual allegations that raise the right to relief above the speculative level.").

As to Plaintiffs' request for leave to amend, the grant of leave to amend pleadings pursuant to Rule 15(a) is generally within the discretion of the trial court and shall be "freely given when justice so requires."   Fed. R. Civ. P. 15(a); *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971).   However, leave to amend "is by no means automatic," particularly where Plaintiffs have already been afforded two opportunities to amend.   *Wimm v. Jack Eckerd Corp.,* 3 F.3d 137, 139 (5th Cir. 1993) (quoting *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. Unit A July 1981)).   In evaluating the propriety of an amendment, the district court may consider factors such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment.   *Id.*   (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).   Granting leave to amend would be futile when "the amended complaint would fail to state a claim upon which relief could be granted."   *Stripling v. Jordan*

*Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000). For the purposes of the futility analysis, courts apply the same standard of legal sufficiency applicable to a motion to dismiss under Rule 12(b)(6). *Id.* (internal quotation omitted).

### III.  Allegations in the Live Pleading and Facts Established by Matters of Public Record

The live pleading is Plaintiffs' Second Amended Complaint [#12]. Plaintiffs allege that they were the owners of real property located at 1518 Waverly Ave, San Antonio, in Bexar County, Texas ("the Property"). (Second Am. Compl. [#12], at ¶ 7.) In March 2017, Plaintiffs obtained a loan in the original amount of $63,750.00 payable to Gardner Financial Services LTD, dba Legacy Mutual Mortgage evidenced by, among other things, a Deed of Trust securing repayment of the loan by placing a security interest on the Property. (Deed of Trust [#17-1], at 2–4.) In January 2022, the Deed of Trust was assigned to AmeriHome. (Assignment [#17-2], at 2.)

Plaintiffs allege that AmeriHome remained the mortgage servicer until June 1, 2025, when servicing transferred to ServiceMac. (*Id.* at ¶ 8.) Plaintiffs further allege that AmeriHome initiated foreclosure proceedings on June 2, 2025, by filing a notice of sale in Bexar County, without standing or authority to do so due to the service transfer to ServiceMac. (*Id.* at ¶¶ 8–10.) According to Plaintiffs, a foreclosure sale was conducted by Auction.com on July 1, 2025, and the Property was sold to a third party, Royal Real Estate, for a "grossly inadequate" sales price. (*Id.* at ¶ 15.) Plaintiffs allege several additional defects in the foreclosure process. They claim they never received the required notices under the Deed of Trust prior to the foreclosure sale because AmeriHome relied on a "stale and abandoned 2023 notice of intent to accelerate" and provided them with only 26 days' notice of acceleration instead of the 30 days required. (*Id.* at ¶¶ 11–12.) They also claim that they were actively engaged in a loan modification review after

6

ServiceMac assumed servicing and that Plaintiffs contacted ServiceMac on July 17, 2025, after the foreclosure sale occurred, and received oral representations that no foreclosure was scheduled. (*Id.* at ¶¶ 13, 17.) According to Plaintiffs, Royal Real Estate has filed eviction proceedings in Bexar County Justice Court. (*Id.* at ¶ 16.) This live pleading here asserts a cause of action for wrongful foreclosure against AmeriHome and ServiceMac and seeks declaratory and injunctive relief declaring the foreclosure sale void, quieting title in Plaintiffs' names, enjoining eviction proceedings, and an award of damages. (*Id.* at ¶¶ 18–31.)

## IV. Analysis

Plaintiffs only assert one cause of action in their Second Amended Complaint—a claim for wrongful foreclosure under Texas law. Therefore, to survive the Rule 12(b)(6) motion to dismiss the wrongful-foreclosure claim filed by Defendants AmeriHome and ServiceMac, Plaintiffs must plead sufficient facts to support the following: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price. *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013).

Plaintiffs allege five defects in the foreclosure proceedings:

- AmeriHome lacked authority to foreclose because it was no longer the mortgage servicer at the time of the foreclosure sale;

- Defendants failed to provide "a valid Notice to Cure and Notice of Intent to Accelerate in 2025, as required by Tex. Prop. Code § 51.002 and the Deed of Trust";

- Defendants relied upon a "stale and abandoned 2023 notice of intent to accelerate which was legally ineffective once acceleration was abandoned";

- Defendants provided "only 26 days' notice of acceleration instead of the 30 days required by the Deed of Trust, in violation of Texas Property Code § 51.002(e)";

- Defendants proceeded to foreclosure "while Plaintiffs were in active loan modification review with ServiceMac."

7

For the reasons that follow, Plaintiffs have not plausibly pleaded that AmeriHome lacked authority to foreclose. As to the remaining alleged procedural defects, even if Plaintiffs were able to plead and prevail on one of these theories, their wrongful foreclosure claim still fails as a matter of law because Plaintiffs are not entitled to the relief they seek. Plaintiffs cannot obtain declaratory or injunctive relief because they have failed to tender or assert that they are prepared to tender the full amount owed on the note. Nor can this Court enjoin state-court eviction proceedings. Further Plaintiffs cannot obtain damages based on the pleadings in this case, because according to the allegations in their live pleading (and even according to the allegations in the proposed Third Amended Complaint), they are still in possession of the property at issue. The live pleadings do not state the facts to support a claim for damages based on wrongful foreclosure.

**A.      Plaintiffs do not plausibly plead that AmeriHome lacked authority to foreclose.**

Plaintiffs allege that AmeriHome transferred the servicing of the loan to ServiceMac on June 1, 2025, yet initiated foreclosure proceedings on June 2, 2025, when it no longer had authority to foreclose. (Second Am. Compl. [#12], at ¶ 8.) Accepting as true the allegations in Plaintiffs' pleading, their argument fails as a matter of law.

Chapter 51 of the Texas Property Code, which governs non-judicial foreclosures, authorizes *either* a mortgagee *or* a mortgage servicer acting on behalf of the mortgagee to sell real property under a "power of sale conferred by a deed of trust." Tex. Prop. Code § 51.002. A mortgagee is defined as (A) "the grantee, beneficiary, owner, or holder of a security instrument; (B) a book entry system; or (C) if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record." *Id.* § 51.0001(4). A mortgagee may be the mortgage servicer, *id.* § 51.0001(3), but when they are two separate

entities, "[b]oth the mortgagee and the mortgage servicer have the authority to foreclose." *Johnson v. Wells Fargo Bank, NA*, 999 F. Supp. 2d 919, 927 (N.D. Tex. 2014).

The assignment attached to AmeriHome's motion to dismiss establishes that it was assigned the security interest in January 2022 by MERS, making it the mortgagee with respect to the Deed of Trust at issue. (Assignment [#17-2], at 2.) The Fifth Circuit "has expressly recognized that MERS may assign a deed of trust to a third party and that such assignments confer the new assignee standing to non-judicially foreclose on property associated with that particular deed of trust." *Reece v. U.S. Bank Nat. Ass'n*, 762 F.3d 422, 425 (5th Cir. 2014).

Plaintiffs do not allege anywhere in the Second Amended Complaint (or assert in their response) that the Deed of Trust was ever assigned to ServiceMac or that ServiceMac was ever a mortgagee, only that AmeriHome transferred the servicing of the loan to ServiceMac in June 2025. (Second Am. Compl. [#12], at ¶ 8.) That ServiceMac was the mortgage servicer does not deprive AmeriHome of its legal status as mortgagee under Texas law or of its authority to foreclose.

The only allegation in Plaintiffs' Second Amended Complaint that could theoretically call into question AmeriHome's authority to foreclose is their assertion that "Freddie Mac is the actual owner of Plaintiffs' loan."[3] (*Id.*) The Court is not, however, required to accept this assertion as true for purposes of ruling on Defendants' motion to dismiss, as the allegation is directly contradicted by facts disclosed in the Deed of Trust and Assignment attached to Defendants' motion to dismiss. *See Carter v. Target Corp.*, 541 F. App'x 413, 417 (5th Cir.

---

[3] The undersigned notes that Plaintiffs have filed a "Motion Challenging Standing and Authority to Foreclose Based on [Freddie Mac] Ownership of the Loan" [#46], to which Defendants filed a response [#54]. This Court is limited to the live pleading and any documents properly incorporated into the pleading in evaluating Defendants' motion to dismiss. The undersigned has therefore not considered the arguments asserted in this motion in evaluating the sufficiency of the pleadings.

2013) ("Conclusory allegations and unwarranted deductions of fact are not admitted as true, especially when such conclusions are contradicted by facts disclosed by a document appended to the complaint.") (quotation and internal citation omitted). Based on the foregoing, Plaintiffs have not plausibly pleaded a defect in the foreclosure proceedings based on the lack of authority of AmeriHome to foreclose on the Property.

**B.** **Even if Plaintiffs could plead a plausible defect on another basis, their claim still fails as a matter of law because they are not entitled to any of the relief they seek.**

The parties vigorously dispute whether Plaintiffs have articulated another plausible procedural defect in the foreclosure proceedings that could support a claim for wrongful foreclosure. Plaintiffs allege that they did not receive timely notice of the foreclosure as required under the Texas Property Code and the Deed of Trust; that the foreclosure sale resulted in a winning bid of $78,000, which is a grossly inadequate sales price representing 60% below the property's market value of $199,500; and that the inadequate sales price was a direct consequence of Defendants' defective notices, which prevented them from curing the default, reduced public awareness of the sale, and chilled competitive bidding.

Even if Plaintiffs' Second Amended Complaint adequately alleges a possible defect, based on lack of timely notice of the foreclosure or otherwise, their claim still fails as a matter of law. By this action, Plaintiffs seek declaratory and injunctive relief declaring the foreclosure sale void; quieting title in their names; and enjoining state-court eviction proceedings. Plaintiffs also seek compensatory damages. (Second Am. Compl. [#12], at ¶ 31.) Defendants raise several arguments in their motion to dismiss regarding the relief Plaintiffs seek—first that Plaintiffs' request for declaratory relief quieting title in their names fails due to their failure to tender the amount owed on the note. The undersigned agrees.

"Texas courts have made clear that 'a necessary prerequisite' to recovery of title in a foreclosure setting 'is tender of whatever amount is owed on the note.'" *Alvarado v. U.S. Bank Nat. Ass'n ex rel. Structured Asset Sec. Corp. Mortg. Pass-Through Certificates, Series 2006-BCI*, No. 1-15-CV-151 RP, 2015 WL 5608077, at *6 n.4 (W.D. Tex. Sept. 23, 2015), *aff'd sub nom. Alvarado v. U.S. Bank Nat'l Ass'n*, 652 F. App'x 305 (5th Cir. 2016) (quoting *Fillion v. David Silvers Co.*, 709 S.W.2d 240, 246 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.)).  Plaintiffs plead in their Second Amended Complaint that their ability to tender the full amount owed under the Deed of Trust was itself impaired by the defective notice (as well as representations made by ServiceMac that no foreclosure sale had been scheduled) but Plaintiffs "stand ready, willing, and able to tender such amounts as the Court deems proper to reinstate or redeem the loan." (Second Am. Compl. [#12], at ¶¶ 29–30.)  Yet the failure of Defendants to provide statutory notice does not relieve Plaintiffs of the obligation to tender the total amount of the debt to recover title to the property at issue.  *See Frank v. Wells Fargo Bank, N.A.*, No. CV 1:12-110, 2012 WL 13059515, at *6 (S.D. Tex. Aug. 14, 2012).

Moreover, Plaintiffs repeatedly assert in their filings that they are willing to only offer a small amount into the court registry—a payoff amount far below what was allegedly owed on the note.  Plaintiffs' proposed Third Amended Complaint does not cure this defect.  In their proposed pleading, Plaintiffs again assert only that they are able and willing to tender $4,583.00, far below the $83,000 they concede was the loan balance at the time of the foreclosure sale. (Third Am. Compl. [#26-1], at ¶ 16 ("On July 1, 2025, Auction.com sold the Property to Royal Real Estate LLC for $78,000, despite a tax-appraised value of $200,000 and a loan balance of $83,000.).  Again, the tender requirement to recover title requires that Plaintiffs tender the entire amount due under the loan, not simply a "reinstatement" amount.  *See Peters v. JP Morgan*

11

*Chase Bank, N.A.*, No. A-12-CA-637-SS, 2013 WL 12043369, at *2 (W.D. Tex. Jan. 25, 2013) ("Peters's bald assertion she stands ready to pay approximately $30,000, when she is in default, and the debt has been accelerated, is not a full tender.  Nor has she relinquished possession of, or actually produced, this $30,000," an amount less than what was owed under the Note). Accordingly, the failure to tender is fatal to Plaintiffs' wrongful-foreclosure claim and request for declaratory relief voiding the foreclosure sale and quieting title in Plaintiffs' names.

As to Plaintiffs' request that the Court enjoin state-court eviction proceedings, the Anti-Injunction Act, 28 U.S.C. § 2283, prohibits federal courts from interfering in state-court proceedings. *Blanchard 1986, Ltd. v. Park Plantation, LLC*, 553 F.3d 405, 407 (5th Cir. 2008).

Finally, based on the live pleading, Plaintiffs cannot recover damages for any alleged wrongful foreclosure because at the time they filed suit they remained in possession of the property at issue.  (Orig. Pet. [#1-2], at 12.)  Neither the Second Amended Complaint nor the Third Amended Complaint allege a loss of possession either.  (Second Am. Compl. [#12], at ¶ 16 ("Plaintiffs remain in possession of the Property."); Third Am. Compl. [#26-1], at ¶ 18 ("Plaintiffs remain in possession . . . .").  The recovery of damages is not appropriate where title to the property has not passed to a third party and the borrower's possession of the property has not been materially disturbed. *Wells Fargo Bank, N.A. v. Robinson*, 391 S.W.3d 590, 594 (Tex. App.—Dallas 2012, no pet.). *See also Motten v. Chase Home Fin.*, 831 F. Supp. 2d 988, 1007 (S.D. Tex. 2011).  In sum, based on the factual allegations in Plaintiffs' live pleading, they had not yet incurred any damages that could be attributable to an alleged wrongful foreclosure, even assuming they could prevail on such a claim.

According to a filing by Defendants submitted to the Court months after briefing closed on Defendants' motion to dismiss, Bexar County Court at Law No. 10 entered judgment in favor

12

of Royal Real Estate and against Plaintiffs in the state-court eviction proceedings and awarded possession of the Property to Royal Real Estate on October 24, 2025. (Judgment [#43-1], at 2.) Per this filing, the matter is now on appeal. Plaintiffs assert in subsequent filings that they have been evicted. (*See* Proposed Sur-Reply [#52-1], at 3.)

The Court should nonetheless grant the motion to dismiss. The Court should not afford Plaintiffs another opportunity to amend their pleadings to assert that they have lost possession of their Property in light of the other pleading defects in this case. To the extent that Plaintiffs are claiming damages due to an alleged wrongful eviction, that claim would arise against Royal Real Estate, not the Defendants who are currently in this case and have moved to dismiss. Royal Real Estate is a Texas citizen. Therefore, if Plaintiffs wish to pursue a wrongful-eviction claim against Royal Real Estate for damages, they should file those claims in state court. And if Plaintiffs still believe they have a wrongful-foreclosure claim against Defendants, now that they have lost possession, this claim should be brought along with any wrongful-eviction claim in state court as well.

## V. Conclusion and Recommendation

In light of the foregoing, the undersigned **recommends** that Defendants' Motion to Dismiss Second Amended Complaint [#17] be **GRANTED** and Plaintiffs' Motion for Leave to File an Amended Complaint [#26] be **DENIED**.

## VI. Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be

filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the Clerk of Court and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

 SIGNED this 13th day of March, 2026.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE

14