IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

DAVID M. HERNANDEZ, and                  §
MATTHEW GONZALEZ,                        §
                                         §
        *Plaintiff*s,                    §
                                         §
                                         §
v.                                       §        CIVIL ACTION NO. SA-25-cv-00996-FB
                                         §
AMERIHOME MORTGAGE                       §
COMPANY, LLC; and SERVICEMAC, LLC;       §
                                         §
        *Defendants*.                    §

## ORDER ACCEPTING REPORT AND
## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Before the Court are the Report and Recommendation of United States Magistrate Judge (ECF

No. 58) concerning Defendants' Motion to Dismiss Second Amended Complaint (ECF No. 17) and

Plaintiffs' Motion for Leave to File an Amended Complaint (ECF No. 26), along with Plaintiffs' written

objections (ECF No. 62), Defendants' response (ECF No. 63) and Plaintiffs' reply (ECF No. 64).

Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court

need not conduct a de novo review of the Report and Recommendation. *See* 28 U.S.C. § 636(b)(1) ("A

judge of the court shall make a de novo determination of those portions of the report or specified

proposed findings and recommendations to which objection is made.").  In such cases, the Court need

only review the Report and Recommendation and determine whether it is clearly erroneous or contrary

to law. *United States v. Wilson,* 864 F.2d 1219, 1221 (5th Cir.), *cert. denied,* 492 U.S. 918 (1989).

On the other hand, any Report and Recommendation to which objection is made requires de

novo review by the Court.  Such a review means that the Court will examine the entire record, and will

make an independent assessment of the law.  The Court need not, however, conduct a de novo review

when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

The Court has thoroughly analyzed the submissions in light of the entire record. As required by Title 28 U.S.C. § 636(b)(1)(c), the Court has conducted an independent review of the entire record in this cause and has conducted a de novo review with respect to those matters raised by the objections. After due consideration, the Court concludes the objections lack merit.

Plaintiffs assert only one cause of action in their Second Amended Complaint–a claim for wrongful foreclosure under Texas law. They allege five defects in the foreclosure proceedings:

- AmeriHome lacked authority to foreclose because it was no longer the mortgage servicer at the time of the foreclosure sale;

- Defendants failed to provide "a valid Notice to Cure and Notice of Intent to Accelerate in 2025, as required by Tex. Prop. Code § 51.002 and the Deed of Trust";

- Defendants relied upon a "stale and abandoned 2023 notice of intent to accelerate which was legally ineffective once acceleration was abandoned";

- Defendants provided "only 26 days' notice of acceleration instead of the 30 days required by the Deed of Trust, in violation of Texas Property Code § 51.002(e)";

- Defendants proceeded to foreclosure "while Plaintiffs were in active loan modification review with ServiceMac."

To survive the Rule 12(b)(6) motion to dismiss the wrongful-foreclosure claim filed by Defendants AmeriHome and ServiceMac, Plaintiffs must plead sufficient facts to support the following: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price. *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013). As to Plaintiffs' request for leave to amend, the grant of leave to amend pleadings pursuant to Rule 15(a) is generally within the discretion of the trial court and shall be "freely given when justice so requires." Fed. R. Civ. P. 15(a); *Zenith Radio Corp.*

2

*v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971). However, leave to amend "is by no means automatic," particularly where, as here, Plaintiffs have already been afforded two opportunities to amend. *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (quoting *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. Unit A July 1981)). In evaluating the propriety of an amendment, the district court may consider factors such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment. *Id*. (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Granting leave to amend would be futile when "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000). For the purposes of the futility analysis, courts apply the same standard of legal sufficiency applicable to a motion to dismiss under Rule 12(b)(6). *Id*. (internal quotation omitted).

<u>Defendants' Responsive Argument on the Timing of the Filing of Plaintiffs' Objections</u>

Defendants in their response maintain Plaintiffs have waived de novo review of the Report and Recommendation by this Court by failing to file their objections within fourteen days of service. Although the record reflects Plaintiffs did not actually receive the Report and Recommendation until May 18, 2026 (ECF No. 61) (copy of return receipt requested card returned to clerk), Plaintiffs' objections were timely filed.  Rule 6 of the Federal Rules of Civil Procedure sets forth how time is computed as follows:

(1) **Period Stated in Days or a Longer Unit**. When the period is stated in days or a longer unit of time:

(A) exclude the day of the event that triggers the period;

(B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and

(C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal

holiday, the period continues to run until the end of the next day that is not a Saturday,

Sunday, or legal holiday.

FED. R. CIV. P. 6(a)(1)(A-C) (emphasis in original). In addition, rule 6 provides for adding three days

to the period of time when, as here, service is made by mail. *Id.* at (d). Therefore, because the Report

and Recommendation was mailed on March 13, 2026, Plaintiffs' objections were timely-filed on March

30, 2026.  *See also Franco v. Bank of Am.*, No. CV SA-08-CA-0475-FB, 2010 WL 11598091, at \*1,

2 (W.D. Tex. June 8, 2010) (noting that "plaintiff's assertion that he did not actually receive the Report

and Recommendation [within time to object] is not relevant for purposes of calculating the deadline for

filing objections" but granting de novo review because *pro se* "plaintiff did file his objections within

fourteen days of his actual receipt of the Report and Recommendation").

Plaintiffs' Objections to the Report and Recommendation

In their objections, Plaintiffs argue the Report and Recommendation improperly concludes that

AmeriHome had authority to foreclose, misapplies the tender rule, fails to give effect to the contractual

thirty-day cure period, minimizes Plaintiffs' notice defect allegations, disregards Plaintiffs' reliance on

Service Mac representations, and improperly discounts Plaintiffs' damages.  Plaintiffs further argue

dismissal is premature because critical evidence is in Defendants' possession and Defendants repeatedly

violated the Court's standing order requiring a meaningful meet-and-confer.

For the reasons that follow, this Court agrees with the Magistrate Judge that Plaintiffs have not

plausibly pleaded that AmeriHome lacked authority to foreclose. As to the remaining alleged procedural

defects, even if Plaintiffs were able to plead and prevail on one of these theories, their wrongful

foreclosure claim still fails as a matter of law because Plaintiffs are not entitled to the relief they seek.

Plaintiffs cannot obtain declaratory or injunctive relief because they have failed to tender or assert that they are prepared to tender the full amount owed on the note. Nor can this Court enjoin state-court eviction proceedings. Further Plaintiffs cannot obtain damages based on the pleadings in this case, because according to the allegations in their live pleading (and even according to the allegations in the proposed Third Amended Complaint), they are still in possession of the property at issue. The live pleadings do not state the facts to support a claim for damages based on wrongful foreclosure.

As discussed in the Report and Recommendation, the only allegation in Plaintiffs' Second Amended Complaint that could theoretically call into question AmeriHome's authority to foreclose is their assertion that "Freddie Mac is the actual owner of Plaintiffs' loan. (ECF No. 12 at ¶ 8). The Court is not required to accept this allegation as true for purposes of ruling on Defendants' motion to dismiss because the allegation is directly contradicted by facts disclosed in the Deed of Trust and Assignment attached to Defendants' motion to dismiss. *See Carter v. Target Corp.*, 541 F. App'x 413, 417 (5th Cir. 2013) ("Conclusory allegations and unwarranted deductions of fact are not admitted as true, especially when such conclusions are contradicted by facts disclosed by a document appended to the complaint.") (quotation and internal citation omitted).

Even if Plaintiffs could plead a plausible defect on another basis, their claim still fails as a matter of law because they are not entitled to any of the relief they seek. Plaintiffs allege that they did not receive timely notice of the foreclosure as required under the Texas Property Code and the Deed of Trust; that the foreclosure sale resulted in a winning bid of $78,000, which is a grossly inadequate sales price representing 60% below the property's market value of $199,500; and that the inadequate sales price was a direct consequence of Defendants' defective notices, which prevented them from curing the default, reduced public awareness of the sale, and chilled competitive bidding.

And, even if Plaintiffs' Second Amended Complaint adequately alleges a possible defect based on lack of timely notice of the foreclosure or otherwise, their claim still fails as a matter of law. "Texas courts have made clear that 'a necessary prerequisite' to recovery of title in a foreclosure setting 'is tender of whatever amount is owed on the note.'" *Alvarado v. U.S. Bank Nat. Ass'n ex rel. Structured Asset Sec. Corp. Mortg. Pass-Through Certificates, Series 2006-BCI,* No. 1-15-CV-151 RP, 2015 WL 5608077, at \*6 n.4 (W.D. Tex. Sept. 23, 2015), *aff'd sub nom. Alvarado v. U.S. Bank Nat'l Ass'n*, 652 F. App'x 305 (5th Cir. 2016) (quoting *Fillion v. David Silvers Co.*, 709 S.W.2d 240, 246 (Tex. App.–Houston [14th Dist.] 1986, writ ref'd  n.r.e.)). Plaintiffs plead in their Second Amended Complaint that their ability to tender the full amount owed under the Deed of Trust was itself impaired by the defective notice (as well as representations made by ServiceMac that no foreclosure sale had been scheduled) but Plaintiffs "stand ready, willing, and able to tender such amounts as the Court deems proper to reinstate or redeem the loan." (ECF No. 12, at ¶¶ 29–30).  Yet the failure of Defendants to provide statutory notice does not relieve Plaintiffs of the obligation to tender the total amount of the debt to recover title to the property at issue. *See Frank v. Wells Fargo Bank, N.A.*, No. CV 1:12-110, 2012 WL 13059515, at \*6 (S.D. Tex. Aug. 14, 2012).

Moreover, Plaintiffs repeatedly assert in their filings that they are willing to only offer a small amount into the court registry—a payoff amount far below what was allegedly owed on the note. Plaintiffs' proposed Third Amended Complaint does not cure this defect. In their proposed pleading, Plaintiffs again assert only that they are able and willing to tender $4,583.00, far below the $83,000 they concede was the loan balance at the time of the foreclosure sale. (ECF No. 26-1, at ¶ 16) ("On July 1, 2025, Auction.com sold the Property to Royal Real Estate LLC for $78,000, despite a tax-appraised value of $200,000 and a loan balance of $83,000.). Again, the tender requirement to recover title

requires that Plaintiffs tender the entire amount due under the loan, not simply a "reinstatement" amount. *See Peters v. JP Morgan Chase Bank, N.A.*, No. A-12-CA-637-SS, 2013 WL 12043369, at *2 (W.D. Tex. Jan. 25, 2013) ("Peters's bald assertion she stands ready to pay approximately $30,000, when she is in default, and the debt has been accelerated, is not a full tender. Nor has she relinquished possession of, or actually produced, this $30,000," an amount less than what was owed under the Note). Accordingly, the failure to tender is fatal to Plaintiffs' wrongful-foreclosure claim and request for declaratory relief voiding the foreclosure sale and quieting title in Plaintiffs' names.

With regard with the cure period, Plaintiffs admit that a notice of intent to accelerate was provided to them in 2023, much more than 30 days before July 1, 2025. (ECF No. 26, at ¶¶ 12, 20). They claim this "notice of intent to accelerate" was "abandoned" and/or became "stale" by the subsequent conduct of the parties. *Id.* Importantly, however, Plaintiffs never allege they cured the default as required by the 2023 notice. Instead, they claim that Defendants accepted unspecified payments, issued monthly billing statements, and reviewed loss mitigation applications, none of which can "abandon" a notice of intent to accelerate. This is true not only because Plaintiffs have provided no support in the law for this contention, but also because the Deed of Trust specifically includes a non-waiver provision.

To the extent Plaintiffs' objections request that the Court enjoin state-court eviction proceedings, the Anti-Injunction Act, 28 U.S.C. § 2283, prohibits federal courts from interfering in state-court proceedings. *Blanchard 1986, Ltd. v. Park Plantation, LLC,* 553 F.3d 405, 407 (5th Cir. 2008).

Finally, based on the live pleading, Plaintiffs cannot recover damages for any alleged wrongful foreclosure because at the time they filed suit they remained in possession of the property at issue. (ECF No. 1-2, at 12). Neither the Second Amended Complaint nor the Third Amended Complaint allege a

loss of possession either. (ECF No. 12, at ¶ 16) ("Plaintiffs remain in possession of the Property.");

(ECF No. 26-1, at ¶ 18) ("Plaintiffs remain in possession . . . ."). The recovery of damages is not

appropriate where title to the property has not passed to a third party and the borrower's possession of

the property has not been materially disturbed. *Wells Fargo Bank, N.A. v. Robinson*, 391 S.W.3d 590,

594 (Tex. App.–Dallas 2012, no pet.); *see also Motten v. Chase Home Fin.*, 831 F. Supp. 2d 988, 1007

(S.D. Tex. 2011). In sum, based on the factual allegations in Plaintiffs' live pleading, they had not yet

incurred any damages that could be attributable to an alleged wrongful foreclosure, even presuming they

could prevail on such a claim. According to a filing by Defendants submitted to the Court months after

briefing closed on Defendants' motion to dismiss, Bexar County Court at Law No. 10 entered judgment

in favor of Royal Real Estate and against Plaintiffs in the state-court eviction proceedings and awarded

possession of the Property to Royal Real Estate on October 24, 2025. (ECF No. 43-1, at 2). It appears

the matter is now on appeal. Plaintiffs assert in subsequent filings that they have been evicted. (ECF

No. 52-1, at 3).

The Court agrees with the Magistrate Judge that the motion to dismiss should nonetheless be

granted. The Court declines to afford Plaintiffs another opportunity to amend their pleadings to assert

that they have lost possession of their property in light of the other pleading defects in this case. To the

extent that Plaintiffs are claiming damages due to an alleged wrongful eviction, that claim would arise

against Royal Real Estate, not the Defendants who are currently in this case and have moved to dismiss.

Royal Real Estate is a Texas citizen. Therefore, if Plaintiffs wish to pursue a wrongful-eviction claim

against Royal Real Estate for damages, they should file those claims in state court. And if Plaintiffs still

believe they have a wrongful-foreclosure claim against Defendants, now that they have lost possession,

this claim should be brought along with any wrongful-eviction claim in state court as well.

Finally, Plaintiffs have not demonstrated that dismissal is premature because critical evidence is in Defendants' possession or that Defendants repeatedly violated the Court's standing order requiring a meaningful meet-and-confer.

IT IS THEREFORE ORDERED that the Report and Recommendation of the United States Magistrate Judge (docket no. 58) is ACCEPTED pursuant to 28 U.S.C. § 636(b)(1) such that Defendants' Motion to Dismiss Second Amended Complaint (ECF No. 17) is GRANTED and Plaintiffs' Motion for Leave to File an Amended Complaint (ECF No. 26) is DENIED.

IT IS FINALLY ORDERED that motions pending with the Court, if any, are Dismissed as Moot and this case is CLOSED.

It is so ORDERED.

SIGNED this 4th day of June, 2026.

_____

FRED BIERY
UNITED STATES DISTRICT JUDGE

.